1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JOSEPH EARL STEELE, | Case No. 1:25-cv-000187-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| F. MARTINEZ, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| Defendant. | |
| | (ECF No. 10) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Joseph Earl Steele ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 10.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed in Wasco State Prison, in Wasco, California, where the events in the complaint are alleged to have occurred. Plaintiff names Defendant F. Martinez, correctional officer, as the sole defendant.

Plaintiff alleges staff sexual misconduct. Plaintiff alleges that on 9/10/24 or 9/12/24, while in Building 3, Plaintiff and three other inmates were in the dayroom playing a game of pinocle. They were approached by correctional officer F. Martinez with the tossing of a lifestyle colored condom on the table followed with the comment "I'm all in." All actions were totally unwanted and very disrespectful. Plaintiff's mental state was severely effected and caused Plaintiff ongoing problems with his peers that have become physical.

On a sheet of paper attached to the form complaint, Plaintiff further alleges: On September 10, 2024, Defendant F. Martinez threw a life size condom onto the able where Plaintiff was playing pinocle with three other inmates. Defendant Martinez said "I'm all in" when throwing the condom, without any other conversation. This action was disrespectful, caused Plaintiff unwanted attention, made Plaintiff's living environment uncomfortable violating

2

1    Plaintiff's Eighth Amendment rights and Title 15.

2         Due to Defendant Martinez's actions of misconduct, Plaintiff was put in the dangerous

3    situation where he had to defend his sexual integrity and was caused to fight others because of the

4    humiliation he was put through with his peers. These incidents resulted in Plaintiff being placed

5    on a high security yard with increased security measures, contrary to Plaintiff's original

6    classification, and Plaintiff received additional time on his sentence.  This outcome caused

7    Plaintiff to lose time that could have been spent with is family.  Plaintiff seeks compensatory

8    damages for emotional distress, discomfort, and other consequences.  Plaintiff also seeks

9    injunctive relief.

10   **III.    Discussion**

11        **Eighth Amendment**

12             <u>Sexual Harassment</u>

13        "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the

14   Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v.*

15   *Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ...

16   prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...."

17   *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the

18   officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was

19   objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046.

20   "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison

21   staff member, acting under color of law and without legitimate penological justification, touched

22   the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's

23   own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the

24   prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

25        While "the Ninth Circuit has recognized that sexual harassment may constitute a

26   cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated

27   between sexual harassment that involves verbal abuse and that which involves allegations of

28   physical assault, finding the lat[t]er to be in violation of the constitution." *Minifield v. Butikofer*,

                                                        3

1    298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citation omitted).  Allegations of sexual harassment

2    that do not involve touching have routinely been found 'not sufficiently serious' to sustain an

3    Eighth Amendment claim. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding

4    dismissal of claim premised on allegations that correctional officer unzipped his pants and

5    exposed his penis to an inmate from inside control booth); *accord Somers v. Thurman*, 109 F.3d

6    at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and

7    unusual punishment would trivialize the objective component of the Eighth Amendment test and

8    render it absurd.").

9          Plaintiff's complaint fails to state a cognizable claim against Defendant Martinez

10    for sexual harassment based on the facts alleged in the first amended complaint.

11                      Verbal Harassment

12          To the extent Plaintiff alleges verbal harassment, Plaintiff fails to state a cognizable claim

13    for threats. Allegations of name-calling, verbal abuse, or threats generally fail to state a

14    constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment.

15    *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not

16    violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir.

17    1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's

18    allegations of threats allegedly made by guards failed to state a cause of action). Even in cases

19    concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal

20    harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'

21    " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830

22    F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v.

23    Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution

24    when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause

25    [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16,

26    2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092). The factual allegations do

27    not support a claim.

28    ///

1

Eighth Amendment - Failure to Protect

2       The Eighth Amendment requires that prison officials take reasonable measures to

3 guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. The failure of prison

4 officials to protect inmates violates the Eighth Amendment when two requirements are met: (1)

5 the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,

6 subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison

7 official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health

8 or safety by failing to take reasonable steps to abate it. Id. at 837.  The official must both be aware

9 of facts from which the inference could be drawn that a substantial risk of serious harm exists,

10 and he must also draw the inference. *See Farmer*, 511 U.S. at 837.  Mere negligent failure to

11 protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

12       Plaintiff's complaint fails to state a cognizable claim for failure to protect against

13 Defendant. There is no factual support in the first amended complaint that Defendant was aware

14 that Plaintiff was at risk of serious harm at the hands of other prisoners or other persons and failed

15 to act despite the knowledge.

16       **Housing Assignment**

17       Plaintiff is informed that any claim premised on the failure to house Plaintiff at a

18 particular institution or in particular housing fails because Plaintiff is not entitled to be housed in

19 any particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*,

20 427 U.S. 215, 225 (1976). In general, prison officials' housing and classification decisions do not

21 give rise to federal constitutional claims encompassed by the protection of liberty and property

22 guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242

23 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular

24 prison, to any particular security classification, or to any particular housing assignment); accord

25 *King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May

26 21, 2021).

27 ///

28 ///

5

1    **Habeas Corpus**

2        To the extent that Plaintiff is attempting to challenge the validity of his conviction, the

3    duration of conviction, or his incarceration, the exclusive method for asserting that challenge is

4    by filing a petition for writ of habeas corpus. State prisoners cannot challenge the fact or duration

5    of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief.

6    *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983

7    action to challenge the fact or duration of his confinement. He must seek federal habeas corpus

8    relief (or appropriate state relief) instead.").

9    **Title 15 Claim**

10       To the extent that Defendant has not complied with applicable state statutes or prison

11   regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a

12   cause of action for the deprivation of federally protected rights. *See*, *e.g*., *Nible v. Fink*, 828 Fed.

13   Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not

14   create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section

15   1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No.

16   1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that

17   several district courts have found no implied private right of action under title 15 and stating that

18   "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*,

19   No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to

20   dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations);

21   *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D.

22   Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California

23   Code of Regulations).

24   ///

25   ///

26   ///

27   ///

28   ///

6

**Injunctive Relief**

Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

**IV.     Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his amended complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

7

1    **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

2    **limit may not be considered.**  The parties are advised that failure to file objections within the

3    specified time may result in the waiver of the "right to challenge the magistrate's factual

4    findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

5    *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

6

7    IT IS SO ORDERED.

8    Dated:    __October 1, 2025__                    ____/s/ *Barbara A. McAuliffe*____

9                                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28